IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATH HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:13-CV-446-TMH |
| ) | [WO] |
| MRS. KIMBERLY KERVIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a county inmate, challenges the constitutionality of actions undertaken with respect to his criminal proceedings before the state courts of Autauga County, Alabama. Named as defendants are the Honorable Joy Booth, District Judge for the Autauga County District Court; Kimberly Kervin, Esq.; and District Attorney Randall Houston. Plaintiff requests damages and injunctive relief. Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTUAL ALLEGATIONS**

Plaintiff is confined in the Autauga County Metro Jail following his arrest in September 2012 on drug-related charges. He complains that the bail amount set in his case

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

is excessive and that his failure to be granted a bail reduction has resulted in a deprivation of his liberty and property interests.  Plaintiff further complains that appointed counsel: (1) walked away in the midst of his preliminary hearing, leaving him to represent himself; (2) failed to file on his behalf a petition for writ of certiorari that he sent to her; and (3) failed to respond to his letters.  (*Doc. No. 1*.)

## II.  DISCUSSION

### A. Kimberly Kervin, Esq.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981).  Plaintiff's claims against his defense counsel lack an arguable basis in law. It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in trial proceedings or on direct appeal. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir.1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law).  Accordingly, Plaintiff's complaint against Defendant Kervin is due to be dismissed under § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B. Judge Booth**

Plaintiff's complains that the bail set in his case is excessive. Pursuant to the relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Ala.R.Crim.P., Rule 7.2. Judges, however, cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Thus, Plaintiff may not proceed in this action against Defendant Booth with respect to his claim that he is being subjected to excessive bail in violation of the Eighth Amendment. *See Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001) (judge absolutely immune from money damages on excessive bail claim).

To the extent that Plaintiff seeks injunctive and/or declaratory relief under the provisions of 42 U.S.C. § 1983 for the conduct and/or actions of Judge Booth, this court lacks jurisdiction to render such a judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's actions were unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of

a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).  Likewise, a § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971);  *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970);  *Gurley*, 411 F.2d at 587. Further, even if Plaintiff seeks his release before trial instead of money damages on his excessive bail claim, the appropriate avenue of relief is the filing of a federal petition for writ of habeas corpus after exhausting his state court remedies, not a suit under 42 U.S.C. § 1983. *See  Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## C.  District Attorney Randall Houston

Although Plaintiff makes no specific allegations against Randall Houston, the court finds that in his role as district attorney, Defendant Houston " is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). his complaint against this defendant  is also subject to dismissal.

[A]bsolute  immunity  is  an  entitlement  to  be  free  from  suit  for  money

>   damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

In his role as "as an 'advocate' for the state," Defendant Houston's actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). He is, therefore, "entitled to absolute immunity for that conduct." *Id*. Additionally, when there are adequate remedies at law (such as the ability to appeal and/or seek habeas and/or mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. *Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the named defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i & iii); and

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that **on or before July 31, 2013,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or

5

general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 17th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE